**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| NANCY A. HOLBROOK, ) | |
| ) | CASE NO. 5:08-cv-0033 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

This matter is before the magistrate judge on the consent of the parties. Defendant, Commissioner of Social Security, Michael J. Astrue ("Commissioner"), moves to dismiss the complaint of plaintiff, Nancy A. Holbrook ("Holbrook"), as untimely. Holbrook does not oppose the motion. For the reasons given below, the court grants the Commissioner's motion.

I.

Holbrook filed an application for Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 223 on June 27, 1997. Her application was denied initially and on reconsideration. After a hearing held on December 3, 1998, the Administrative Law Judge ("ALJ") also denied her application. Holbrook requested a review of the ALJ's determination. On January 19, 2001, the Appeals Counsel vacated the determination of the ALJ and remanded the case to the ALJ for further proceedings. After a supplemental

hearing held on November 5, 2001, the ALJ again denied Holbrook's application. The Appeals Counsel refused to review the ALJ's determination. Holbrook filed an action in federal court appealing the Commissioner's decision. The District Court vacated the Commissioner's decision and remanded the case to the Commissioner.

On October 20, 2004, Holbrook filed an application for Supplemental Security Income ("SSI") pursuant to 42 U.S.C. §§ 216(i) and 1382c(a)(3). That application was consolidated with Holbrook's application for DIB. An ALJ held a second supplemental hearing on March 22, 2005. On February 15, 2006, the ALJ denied Holbrook's application for DIB but granted her application for SSI. Holbrook appealed the ALJ's decision. On October 12, 2007, the Appeals Counsel affirmed the decision of the ALJ. In its letter to Holbrook informing her of its decision, the Appeals Counsel told Holbrook that she had 60 days to file a civil action for court review of the decision and that the 60 day period would begin five days after the date of the letter, October 12, 2007.

Holbrook filed this action in federal court on January 4, 2008. The Commissioner now moves to dismiss Holbrook's complaint as untimely.

II.

Title 42 U.S.C. § 405(g) and (h) provide for judicial review of the Commissioner's decisions regarding claims arising under the Social Security Act:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any

>person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this title.

42 U.S.C. § 402(g) and (h). The applicable regulations define the 60-day statute of limitations in 42 U.S.C. § 402(g) as beginning five days after the date of the notice of denial of benefits. 20 C.F.R. § 422.210(c). The five-day delay in beginning the statutory period creates a presumption that the mailed notice has been received by the applicant, a presumption that the applicant may rebut by a reasonable showing to the contrary. *Id.*

The 60-day period within which Holbrook could have filed a timely action in this court to appeal the Commissioner's decision began five days after October 12, 2007, the date on Holbrook's notice of an unfavorable decision. Thus, the period began to run on October 17, 2007 and expired on December 16, 2007. Holbrook filed her complaint instituting this action on January 4, 2008. Holbrook filed her complaint untimely, therefore, and does not attempt to rebut the presumption that she received her notice within the 5-day period provided for in 20 C.F.R. § 422.210(c). For these reasons, the Commissioner's motion to dismiss Holbrook's complaint must be granted.

III.

For the reasons given above the court grants the Commissioner's motion to dismiss Holbrook's complaint and dismisses her complaint with prejudice.

**IT IS SO ORDERED.**

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: July 9, 2008